IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER, | |
| Plaintiff, | **8:22CV359** |
| vs. | |
| CLAUDIS HARTMAN, M.D., in his individual compacity; PATRICK CONDON, County attorney, in his individual compacity; CHRISTOPHER SIEFERT, County Attorney in his individual compacity; KRISTI EDGER, County Attorney in her individual compacity; NURSE MARK, In his individual compacity; NURSE LIZ, In her individual compacity; APRN WODIJO, NURSE AID AMY, in her individual compacity; STEVE WIENDAL, LMHP In his individual compacity; STEPHENIE, LMHP in her individual compacity; and DONAVIN, LMHP In her individual compacity; | **MEMORANDUM AND ORDER** |
| Defendants. | |

On October 24, 2022, Plaintiff filed a document docketed as a motion to proceed in forma pauperis ("IFP"), Filing No. 5, in response to this Court's Order of October 18, 2022, instructing Plaintiff to file a motion to proceed IFP or pay the filing fee by November 17, 2022, Filing No. 4. While Plaintiff's October 24 filing is responsive to the Court's October 18 Order in so much as the Order is referenced by Plaintiff, he does not formally

move to proceed IFP, instead simply referencing his request to proceed IFP in his Complaint.[1] Filing No. 5.

To the extent Plaintiff intended his request to be addressed as a motion to proceed IFP, it does not comply with the terms of 28 U.S.C. § 1915, the statute authorizing proceedings in forma pauperis.  *See* 28 U.S.C. § 1915(a)(1) (requiring the plaintiff to submit "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.").  As such, Plaintiff has the choice of either submitting the $402.00 filing and administrative fees to the clerk's office or submitting a request to proceed in forma pauperis that complies with 28 U.S.C. § 1915.[2]  Failure to take either action within 30 days will result in the Court dismissing this case without further notice to Plaintiff.

IT IS THEREFORE ORDERED that:

1.      Plaintiff's motion to proceed IFP, Filing No. 5, is denied without prejudice to reassertion in a motion to proceed IFP that complies with 28 U.S.C. § 1915.

2.      Plaintiff is directed to submit the $402.00 fees to the Clerk's office or submit a request to proceed in forma pauperis within 30 days. Failure to take either action will result in dismissal of this matter without further notice.

3.      The Clerk of the Court is directed to send to Plaintiff the Form AO240 ("Application to Proceed Without Prepayment of Fees and Affidavit").

---

1 *See* Filing No. 1 at 10 (seeking leave to proceed IFP).

2 If Plaintiff is granted leave to proceed in forma pauperis ("IFP") in this matter, he will be allowed to pay the court's $350 filing fee in installments.  *See* 28 U.S.C. § 1915(b)(1); *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).  He would not be subject to the $52.00 administrative fee assessed to non-IFP plaintiffs.

4.     The Clerk of the Court is directed to set a pro se case management deadline in this matter with the following text: **November 30, 2022**: Check for MIFP or payment.

Dated this 1st day of November, 2022.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court