IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER,<br><br>Plaintiff,<br><br>vs.<br><br>CLAUDIS HARTMAN, M.D., in his individual compacity; PATRICK CONDON, County attorney, in his individual compacity; CHRISTOPHER SIEFERT, County Attorney in his individual compacity; KRISTI EDGER, County Attorney in her individual compacity; NURSE MARK, In his individual compacity; NURSE LIZ, In her individual compacity; APRN WODIJO, NURSE AID AMY, in her individual compacity; STEVE WIENDAL, LMHP In his individual compacity; STEPHENIE, LMHP in her individual compacity; and DONAVIN, LMHP In her individual compacity;<br><br>Defendants. | 8:22CV359<br><br><br>**MEMORANDUM AND ORDER** |

    This matter is before the Court on Plaintiff Austin Edward Lightfeather's response, Filing No. 11, and correspondence, Filing No. 12, which this Court construes as responsive to this Court's Memorandum and Order (the "Order to Show Cause"), Filing No. 10, which was issued in response to the in forma pauperis ("IFP") Motion filed by Lightfeather, *see* Filing No. 8. The Order to Show Cause required Plaintiff to establish why he is entitled to proceed IFP pursuant to 28 U.S.C. §1915(g) after the Court identified

three or more prior cases brought by Plaintiff which were "strikes" against him per the terms of the Prison Litigation Reform Act ("PLRA"). Filing No. 10. In response, Lightfeather argues he is exempt from the three strikes provision of the PLRA and should be allowed to proceed IFP as he is in imminent danger of serious physical injury. Filing No. 11.

After considering Plaintiff's response to the Court's Show Cause Order, Plaintiff's additional correspondence, and the Complaint, the Court finds his allegations fail to establish a threat of serious injury sufficient to overcome the "three strikes" bar to proceeding IFP as set forth in the PLRA. As such, his case will be dismissed and his IFP motion shall be denied as moot.

## I.  SUMMARY OF RELEVANT FACTS

On October 17, 2022, Lightfeather filed a Complaint under 42 U.S.C. §1983, alleging claims against Claudis Hartman, M.D., Christopher Siefert, and Kristi Edger, Nurse Mark, Nurse Liz, Nurse Aid Amy, LMHP Steve Wiendal, LMHP Stephenie, LMHP Donavan, and APRN Wodijo in their individual capacities. Filing No. 1.

Specifically, Lightfeather alleges that in April 2020, he was placed in emergency protective police custody and held in the Lancaster County Crisis Center for "trauma related reasons," and that while he was in custody defendants Seifert, Condon, "Nurse Mark, Nurse Liz," and Kristi Edger claimed he was delusional. *Id.* at 2. Lightfeather further alleges that although he notified all named defendants that he has autism spectrum disorder, they diagnosed him with schizophrenia psychosis, sought to inject him with "envaga sastania," (the "Antipsychotic Medication") and threatened to send him for

2

long term treatment at the Lincoln Regional Center psychiatric hospital without bail if he refused. *Id.* at 2–3.

After he apparently received the injection of the Antipsychotic Medication, Lightfeather alleges he "gained 15 pounds," had muscle spasms, suffered from depression, had lucid thoughts, was unable to sleep, had the urge to eat sweets, was paranoid, and had visual and audio hallucinations. *Id.* at 3. In June of 2020, after gaining an additional 20 pounds (rendering him a total of 250 pounds), Lightfeather alleges he was assaulted by 10 state employees and lynched on February 21, 2020, by Gage County police officers, after which he was found to require larger injections of the Antipsychotic Medication, and that he was again threatened with placement in "E.P.C." if he did not accept the injection. *Id.* at 4.

Lightfeather alleges that he received a higher dose of the Antipsychotic Medication in June of 2020, after officers reported he spoke to himself in his cell, which caused him to sell all of his possessions contained in his apartment to strangers, to believe he was a C.I.A. agent on a mission to "take out the anti-christ," and that his legal guardian was in danger, resulting in Lightfeather's abandoning of his apartment. *Id.* at 5–6. Lightfeather further alleges that while under the influence of the medication in July of 2020, he believed his legal guardian was in trouble, and he heard screaming coming from her home, causing him to break into her home to defend her, which she confused as an attack and fought back. *Id.* at 5. As a result of his "break-in" Lightfeather was arrested on July 2, 2020, and was placed in the custody of Lancaster County where defendants Condon and Seifert held him on charges of first-degree assault and burglary. *Id.* When the Antipsychotic Medication was discontinued in August of 2020, Lightfeather alleges he obtained records

which established he has been diagnosed with autism and that his schizophrenia diagnosis in June of 2020 was incorrect and "unconstitutional." *Id.* at 6. He also claims he was assaulted by eight Lancaster County correctional officers due to a "false knife claim." *Id.* at 8. And that his habeas corpus petition filed separately has not been properly addressed. *Id.* at 10.

Lightfeather alleges that the Antipsychotic Medication contributed to him committing various crimes of which he is currently incarcerated for, weight gain and loss, contracting cancer and diabetes, and placing him "at risk of death" of harm from violent offenders he is incarcerated with. *Id.* at 7–9. Lightfeather seeks $200,000 in damages. *Id.* at 7.

## II.  DISCUSSION

### A.  Standard of Review

The PLRA prevents a prisoner with "three strikes" from proceeding IFP unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). "[T]he requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed . . . . [and] the exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

Applying these principles, the Eighth Circuit concluded that the imminent-danger-of-serious-physical-injury standard was satisfied when an inmate alleged that prison officials continued to place him near his inmate enemies, despite two prior stabbings, *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); and when an inmate alleged deliberate indifference to his serious medical needs that resulted in five tooth extractions

4

and a spreading mouth infection requiring two additional extractions, *McAlphin v. Toney*, 281 F.3d 709, 710-11 (8th Cir. 2002). General assertions, however, are insufficient to invoke the exception to § 1915(g) "absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin*, 319 F.3d at 1050.

**B. Analysis**

In its Order to Show Cause, this Court identified three or more federal court cases brought by Lightfeather, while a prisoner, that were dismissed as frivolous or for failure to state a claim. *See* Filing No. 10. The cases identified were:

- *Lightfeather v. Prey et al*, No. 8:21-cv-00211-RGK-PRSE (D. Neb.) (Filing Nos. 15 & 16, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on April 8, 2022, after Plaintiff failed to amend complaint);

- *Lightfeather v. Green et al*, No. 8:21-cv-00208-RGK-PRSE (D. Neb.) (Filing Nos. 12 & 14, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on October 12, 2021, after Plaintiff failed to amend complaint);

- *Lightfeather v. Ricketts et al*, No. 8:21-cv-00165-RGK-PRSE (D. Neb.) (Filing Nos. 12 & 14, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on October 7, 2021, after Plaintiff failed to amend complaint);

- *Lightfeather v. City of Lincoln*, No. 4:20-cv-03118-RGK-PRSE (D. Neb.) (Filing Nos. 112 & 113, Memorandum and Order and Judgment dismissing Plaintiff's second amended complaint on May 24, 2021, for failure to state a claim and for being frivolous);

- *Lightfeather v. Beatrice Sun Times, et al*, No. 8:21-cv-00114-RGK-PRSE (D. Neb.) (Filing Nos. 14 & 15, Memorandum and Order and Judgment dismissing Plaintiff's complaint on May 19, 2021, as frivolous).

Filing No. 10 at 2. As a result of his three strikes, under the PLRA Lightfeather must establish via his Complaint and supporting papers[1] that he is in imminent danger of serious physical injury in order to proceed in forma pauperis under 28 U.S.C. § 1915(g)'s three strikes exception.

While Lightfeather's Complaint and Supplements contain allegations of serious medical needs, as does his response to the Court's Order to Show Cause, Filing No. 11, his allegations relate not to lack of treatment but disagreement with treatment being provided which does not support an imminent danger finding. See *Brown v. Beard,* 492 F.Supp.2d 474 (E.D. Pa. 2007) (finding that prisoner was not in imminent danger of serious physical injury, as required to proceed in forma pauperis after having three or more prior actions dismissed as frivolous, when prisoner did not dispute that he was receiving medical attention for high blood pressure, low blood sugar and high cholesterol, but merely disputed findings and quality of treatment he was receiving). This is so as although the Eighth Amendment's prohibition on cruel and unusual punishment protects prisoners from deliberate indifference to serious medical needs, *Luckert v. Dodge Cnty.*, 684 F.3d 808, 817 (8th Cir. 2012), to survive initial review on a claim for deliberate indifference to serious medical needs a plaintiff must plead facts sufficient to state a plausible claim, see *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*,

---

[1] *See Ashley,* 147 F.3d at 717 (allegations of imminent danger can be set forth in a plaintiff's complaint and related filed documentary evidence).

73 F.3d 174, 175 (8th Cir. 1995), including facts suggesting that a plaintiff suffered harm or injury from the conditions alleged in his or her Complaint, and that a threat exists for continuing harm or injury. *Gray v. Nebraska Dep't of Corr. Servs.*, No. 4:19CV3063, 2019 WL 3219459, at *2 (D. Neb. July 17, 2019).

While a deliberate indifference claim "extends to prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once *prescribed*," *Holden v. Hirner,* 663 F.3d 336, 342 (8th Cir. 2011) (quoting *Estelle*, 429 U.S. at 106) (internal quotations omitted)), simple allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle*, 429 U.S. at 106. Particularly relevant here, while "[d]eliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed," *Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995), "[a] showing of deliberate indifference is greater than gross negligence and requires more than mere disagreement with treatment decisions," *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

Lightfeather clearly meets the pleading requirements for establishing an objectively serious medical need via his allegations that he has diabetes, cancer, and various mental health disorders and that prison officials are aware he requires ongoing medical attention. *See* Filing No. 1; Filing No. 11. However, Lightfeather's allegations arise from his disagreement regarding the diagnosis made by prison officials and the medication prescribed as treatment, not from a delay or denial of medical treatment.

For the foregoing reasons, the Court finds that Plaintiff has failed to demonstrate that he is under imminent danger of serious physical harm and he, therefore, is prohibited

from proceeding IFP pursuant to 28 U.S.C. § 1915(g).  Because Plaintiff has not paid the $402.00 filing and administrative fees and for lack of good cause shown, this matter is dismissed without prejudice.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motions for Leave to Proceed in Forma Pauperis, Filing No. 8, is denied.

2. This case is dismissed without prejudice and a separate judgment will be entered in accordance with this Memorandum and Order.

3. Any notice of appeal filed by Plaintiff must be accompanied by the $505.00 appellate filing fee because Plaintiff will not be allowed to proceed in forma pauperis on appeal.

Dated this 5th day of October, 2023.

BY THE COURT:

*Joseph F. Bataillon*

Joseph F. Bataillon
Senior United States District Court